Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/29/2016 09:06 AM CDT

State of Nebraska, appellee, v.
William E. Smith, appellant.
___ N.W.2d ___

Filed July 29, 2016.    No. S-15-127.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the records and files affirmatively show that the defendant is entitled to no relief.

2. **Effectiveness of Counsel: Appeal and Error.** When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.

3. ____: ____. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

4. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.

5. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

6. ____: ____: ____. To show prejudice under the prejudice component of the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984), the petitioner must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

7. **Effectiveness of Counsel: Appeal and Error.** When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. That is, courts begin by assessing the strength of the claim appellate counsel failed to raise.

8. ____: ____. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.

9. ____: ____. When a case presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim.

10. **Indictments and Informations.** Objections to an information or the content of an information should be raised by a motion to quash.

11. **Pleas: Indictments and Informations: Waiver.** When a defendant enters a plea in a case, he waives objections to all defects in an information that can be reached by a motion to quash, except those defects which are of such a fundamental character as to make the indictment wholly invalid.

12. **Effectiveness of Counsel: Appeal and Error.** When claims of a trial counsel's performance are procedurally barred, an appellate court examines claims regarding trial counsel's performance only if the defendant assigns as error that appellate counsel was ineffective for failing to raise trial counsel's performance.

13. **Postconviction: Judicial Notice: Appeal and Error.** A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal.

14. **Homicide: Words and Phrases.** A "sudden quarrel" is a legally recognized and sufficient provocation which causes a reasonable person to lose normal self-control.

15. **Homicide.** Although provocation negates malice, malice is not a statutory element of second degree murder in Nebraska.

16. **Postconviction: Appeal and Error.** An appellate court will not consider as an assignment of error a question not presented to the district

court for disposition through a defendant's motion for postconviction relief.

17. **Double Jeopardy: Statutes: Proof.** In a double jeopardy analysis, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses or one is whether each provision requires proof that the other does not.

18. **Appeal and Error.** An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

William E. Smith, pro se.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

WRIGHT, CONNOLLY, MILLER-LERMAN, and KELCH, JJ., and PIRTLE, Judge.

KELCH, J.

## I. INTRODUCTION

William E. Smith appeals the district court's order that denied his motion for postconviction relief without an evidentiary hearing. Smith asserts that he received ineffective assistance of appellate counsel, that the district court erred in hearing his claims of ineffective assistance of appellate counsel at a hearing on his motion for new counsel, and that plain error permeates the record. Because we find no merit in Smith's claims, we affirm.

## II. BACKGROUND

### 1. ORIGINAL CONVICTIONS AND SENTENCES

Smith was involved in an altercation in 2008. Consequently, the State charged Smith with one count of attempted second

degree murder, a Class II felony; one count of first degree assault, a Class III felony; and one count of use of a weapon to commit a felony, a Class III felony. Following a trial, a jury found Smith guilty of the crimes charged. Smith was sentenced to 25 to 35 years' imprisonment for attempted second degree murder and 15 to 20 years' imprisonment for first degree assault, to run concurrently. He was sentenced to 15 to 20 years' imprisonment for use of a weapon to commit a felony, to run consecutively with the other sentences.

## 2. APPELLATE HISTORY

On direct appeal to the Nebraska Court of Appeals, Smith assigned and argued that the jury should have been instructed that if his intent to kill resulted from a sudden quarrel, he should have been convicted of attempted sudden quarrel manslaughter. See *State v. Smith*, 19 Neb. App. 708, 811 N.W.2d 720 (2012). He also assigned and argued that the jury should have been instructed that he acted in self-defense. We summarized the Court of Appeals' reasoning in our subsequent further review of that opinion:

[T]he Court of Appeals determined that a self-defense instruction was not warranted by the evidence. It further determined that Smith's trial counsel could not have been deficient in failing to request an instruction on attempted sudden quarrel manslaughter, because at the time of the trial, that crime did not exist in Nebraska. The court reasoned that trial counsel could not have been ineffective "for not anticipating how the courts would rule." [*State v. Smith*, 19 Neb. App. at 728, 811 N.W.2d at 738.] But the Court of Appeals concluded that under our decision in [*State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011)], the trial court had a sua sponte duty to instruct on attempted sudden quarrel manslaughter because it was a lesser-included offense of attempted second degree murder and there was some evidence of a sudden quarrel occurring immediately before the shooting. We granted petitions for further review filed by each party.

*State v. Smith*, 284 Neb. 636, 640-41, 822 N.W.2d 401, 407 (2012).

On further review, we affirmed the judgment of the Court of Appeals, based on different reasoning. See *State v. Smith, supra*. We held that "(1) the trial court had no duty to instruct on attempted sudden quarrel manslaughter in the absence of a request to do so and (2) Smith's trial counsel was not ineffective in failing to request such an instruction." *Id*. at 654, 822 N.W.2d at 415. But under the plain error doctrine, we held that Smith was entitled to a new trial at which the jury could be instructed on the distinction between second degree murder and voluntary sudden quarrel manslaughter to determine whether Smith committed attempted second degree murder. Such an instruction, we held, was supported by the evidence.

We reasoned that *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011), occasioned a significant change in the law after Smith's case was tried and while it was pending on appeal. At the time Smith's case was tried, voluntary manslaughter was an unintentional crime and the crime of attempted voluntary manslaughter did not exist. Therefore, there was no reason for Smith to request an instruction on attempted voluntary manslaughter. We emphasized that voluntary manslaughter is not a lesser-included offense of second degree murder. Instead, we held that voluntary manslaughter is a lesser degree of homicide than second degree murder and that the two are differentiated only by the presence or absence of the sudden quarrel provocation.

> Thus, where there is evidence that (1) a killing occurred intentionally without premeditation and (2) the defendant was acting under the provocation of a sudden quarrel, a jury must be given the option of convicting of either second degree murder or voluntary manslaughter depending upon its resolution of the fact issue regarding provocation.

*State v. Smith*, 284 Neb. at 656, 822 N.W.2d at 417.

We rejected Smith's remaining arguments, including his argument that the Court of Appeals erred in finding he was not entitled to a self-defense instruction in the first trial.

### 3. Motion for New Counsel

After we issued our opinion, Smith filed a motion for new counsel, seeking to dismiss his counsel, who had represented him on direct appeal. Smith made claims of ineffectiveness, including that his counsel had failed to disclose a conflict of interest. Without addressing Smith's claims, the district court discharged Smith's counsel and appointed him new counsel for the retrial of the attempted second degree murder charge. We summarize pertinent facts from the hearing on Smith's motion for new counsel in more detail in the analysis section below.

### 4. Plea

In lieu of a new trial, Smith pled no contest on June 26, 2013, to the amended charge of attempted voluntary manslaughter. He was sentenced to 20 months' to 5 years' imprisonment, to be served concurrently with his sentence of 15 to 20 years' imprisonment for first degree assault. The sentence of 15 to 20 years' imprisonment for use of a weapon to commit a felony remained consecutive to the other sentences.

### 5. Postconviction Proceedings

On March 26, 2014, Smith filed an "Amended Verified Petition for Postconviction Relief," which is the only postconviction motion in the record before us. Smith essentially argued (1) that the theory of sudden quarrel provocation should have reduced his first degree assault conviction to third degree assault and (2) that his convictions for first degree assault and attempted voluntary manslaughter together violated constitutional principles of double jeopardy. He used this contention as a basis for interrelated arguments about due process, ineffective assistance of trial counsel, trial court error, ineffective assistance of appellate counsel, appellate

court error, and disproportionate sentencing. Smith's motion for postconviction relief did not raise claims concerning any conflict of interest.

Following a hearing, the district court denied Smith's motion for postconviction relief and denied an evidentiary hearing on the matter. It found no factual basis supporting Smith's claims that his constitutional rights had been infringed so as to render his conviction void or voidable, and it found no showing that Smith's trial counsel or appellate counsel had been deficient or that Smith had been prejudiced by any deficiency, if it had indeed existed.

Smith now appeals.

## III. ASSIGNMENTS OF ERROR

Smith assigns, condensed and restated, (1) that the district court erred in denying his motion for postconviction relief without an evidentiary hearing despite Smith's claims that his appellate counsel was ineffective; (2) that the district court erred in hearing his claims of ineffective assistance of appellate counsel at the hearing on his motion for new counsel, prior to his motion for postconviction relief; and (3) that plain error permeates the record.

## IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the records and files affirmatively show that the defendant is entitled to no relief. *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016).

[2,3] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *State v. Branch*, 290 Neb. 523, 860 N.W.2d 712 (2015). With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate

court reviews such legal determinations independently of the lower court's decision. *State v. Branch, supra*.

## V. ANALYSIS

### 1. Ineffective Assistance
### of Appellate Counsel

[4] Smith alleges that the district court erred in denying his motion for postconviction relief without an evidentiary hearing despite Smith's claims that his appellate counsel was ineffective. An evidentiary hearing on a motion for post-conviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringe-ment of the movant's rights under the Nebraska or federal Constitution. *State v. Ware*, 292 Neb. 24, 870 N.W.2d 637 (2015). However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id*.

[5,6] To prevail on a claim of ineffective assistance of coun-sel under *Strickland v. Washington, supra*, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defend-ant's defense. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). To show prejudice under the prejudice component of the *Strickland* test, the petitioner must demonstrate a reason-able probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Thorpe, supra*. A reasonable probability is a probability sufficient to undermine confidence in the out-come. *Id.*

[7-9] When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actu-ally prejudiced the defendant. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id.*

Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.* When a case presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test. *State v. Sellers, supra.* If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.*

### (a) Unchallenged Convictions

Smith chiefly assigns that the trial court committed plain reversible error and abused its discretion when it denied his amended petition for postconviction relief without an evidentiary hearing. To support this assignment, Smith argues that appellate counsel was ineffective by failing to challenge his convictions for first degree assault and use of a weapon to commit a felony. But as a preliminary matter, we note that he attempts to combine this argument with a theory that he pled to a "reduced charge of attempted voluntary manslaughter [which] effectively erradicated [sic] and eliminated the charges of first degree assault and use of a weapon." Brief for appellant at 21. However, this argument that his plea somehow vitiated the other convictions is procedurally barred because Smith did not challenge the charge of attempted second degree murder on remand.

Smith appealed his three convictions to the Court of Appeals, which affirmed the convictions for first degree assault and use of a weapon to commit a felony but reversed the conviction for attempted second degree murder and remanded the cause for a new trial. This court affirmed the decision of the Court of Appeals. As a result, after remand, Smith's convictions for first degree assault and use of a weapon to commit a felony were final judgments. See *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016) (issuance of mandate by appellate

court is date judgment of conviction becomes final for purposes of postconviction review).

[10,11] The only pending matter after appeal and remand was the retrial on the charge of attempted second degree murder. However, Smith pled no contest to the amended charge of attempted voluntary manslaughter. Rather than filing a motion to quash or otherwise attacking the validity of the attempted second degree murder charge after remand, on double jeopardy grounds, for example, Smith entered his plea, which waived his right to challenge the retrial of that charge. Objections to an information or the content of an information should be raised by a motion to quash. See, Neb. Rev. Stat. § 29-1808 (Reissue 2008); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). When a defendant enters a plea in a case, he waives objections to all defects in an information that can be reached by a motion to quash, except those defects which are of such a fundamental character as to make the indictment wholly invalid. *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959).

Smith's convictions for first degree assault and use of a weapon to commit a felony were final judgments, and his plea without challenging the information did not affect those convictions. Therefore, Smith's contention—that his plea to a "reduced charge of attempted voluntary manslaughter . . . effectively eradicated and eliminated the charges of first degree assault and use of a weapon"—is without merit.

We now turn to Smith's primary argument that appellate counsel was ineffective on appeal by failing to challenge his convictions for first degree assault and use of a weapon to commit a felony. The basis of such challenge, Smith contends, would have been trial counsel's failure to request a lesser-included instruction or an instruction on "sudden quarrel."

[12] First, the State correctly argues that any claims as to trial court error or ineffective assistance of trial counsel would be procedurally barred on postconviction review, because Smith had new counsel on direct appeal. See *State v. Sellers*,

290 Neb. 18, 858 N.W.2d 577 (2015). When claims of a trial counsel's performance are procedurally barred, an appellate court examines claims regarding trial counsel's performance only if the defendant assigns as error, as Smith did in the instant case, that appellate counsel was ineffective for failing to raise trial counsel's performance. See *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010). However, if trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *State v. Sellers, supra.* As a result, any conclusion that Smith's appellate counsel's performance was ineffective in regard to the charges of first degree assault or use of a weapon to commit a felony would require us to find that trial counsel should have requested a lesser-included instruction or an instruction on "sudden quarrel."

[13] Regarding Smith's assertion concerning a lesser-included instruction, we must examine the record on direct appeal to determine whether the jury was instructed as to a lesser-included charge for first degree assault. A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002); *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999). In reference to the charge of first degree assault, the trial court did instruct the jury as to the lesser-included charge of third degree assault. There would be no lesser-included charge for use of a weapon to commit a felony. Smith was afforded the proper lesser-included instruction.

[14,15] We next address Smith's contention that appellate counsel should have argued that "sudden quarrel" also affected the charges of first degree assault and use of a weapon to commit a felony. A "sudden quarrel" is a legally recognized and sufficient provocation which causes a reasonable person to lose normal self-control. *State v. Trice*, 286 Neb. 183, 835 N.W.2d 667 (2013). Although provocation negates malice, malice is not a statutory element of second degree murder in Nebraska. *Id.*

The same principle applies to first degree assault, because "[a] person commits the offense of assault in the first degree if he or she intentionally or knowingly causes serious bodily injury to another person." See Neb. Rev. Stat. § 28-308(1) (Cum. Supp. 2014). Malice is not an element of first degree assault, and, as such, "sudden quarrel" would not be applicable to negate it. A similar rationale applies to use of a deadly weapon to commit a felony, which does not have malice as an element. See Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2014).

Smith also contends that *State v. Butler*, 10 Neb. App. 537, 634 N.W.2d 46 (2001), stands for the proposition that because "provocation" can mitigate an intentional killing, it may also mitigate a charge of assault. However, *Butler* is distinguishable because the Court of Appeals was addressing "provocation" as it relates to a claim of self-defense in connection with an assault charge. In *Butler*, the Court of Appeals was discussing Neb. Rev. Stat § 28-1409(4)(a) (Reissue 1995), which provided that the use of deadly force in self-defense is not justifiable if "'[t]he actor, with the purpose of causing death or serious bodily harm, provoked the use of force against himself in the same encounter.'" 10 Neb. App. at 553, 634 N.W.2d at 61.

Smith's appellate counsel did raise ineffective assistance of trial counsel for failing to request a self-defense instruction on all charges. Both the Court of Appeals and this court rejected that claim. "Provocation" may have been related to Smith's self-defense claim, but it would not act to mitigate his charge of assault; and the holding in *Butler* should not be interpreted for such a proposition.

Accordingly, these assigned errors by Smith are without merit.

### (b) Appellate Counsel's
### Conflict of Interest

[16] Smith assigns as error that appellate counsel was ineffective by representing him notwithstanding a conflict of

interest; however, Smith did not set forth this issue in his amended petition for postconviction relief. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). Consequently, this issue shall not be addressed.

### (c) Double Jeopardy Violations

Smith argues:

> All things considered, had appellate counsel assigned error to the [charges of first degree assault and use of a weapon to commit a felony], "double jeopardy" would have [forbidden] a retrial, and by the same token, the reduced charge of attempted [voluntary] manslaughter vitiates the first degree assault charge, which in turn negates the use of a weapon charge.

Brief for appellant at 28. Again, the only count remanded for retrial was the attempted second degree murder charge and, as discussed above, the convictions for both first degree assault and use of a deadly weapon to commit a felony were affirmed and became final judgments. Any double jeopardy argument would have applied only to the charge of attempted second degree murder, and Smith assigns no error in regard to that charge.

[17] Further, the offenses of first degree assault and attempted voluntary manslaughter do not violate double jeopardy. In a double jeopardy analysis, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses or one is whether each provision requires proof that the other does not. *State v. Huff*, 279 Neb. 68, 776 N.W.2d 498 (2009), citing *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). First degree assault and attempted voluntary manslaughter are two distinct offenses. As pointed out by the State, first degree assault requires

serious bodily injury to occur and attempted voluntary man-slaughter does not require any injury to occur. See, § 28-308; Neb. Rev. Stat. § 28-305 (Supp. 2015); Neb. Rev. Stat. § 28-201 (Supp. 2015).

We find that Smith was not placed in double jeopardy by his appellate counsel's actions; and therefore, Smith's appel-late counsel was not ineffective in this respect.

## 2. Hearing on Motion
### for New Counsel

Smith assigns that the district court erred in hearing his claims of ineffective assistance of appellate counsel at a hear-ing on his motion for new counsel—claims which Smith asserts pertained to his motion for postconviction relief. Smith alleges that on April 8, 2013, a hearing was held regarding his claim of ineffective assistance of appellate counsel, before his plea to attempted voluntary manslaughter. The bill of excep-tions for April 8 reflects that this allegation has no merit:

THE COURT: Okay. This is the matter of State of Nebraska versus William E. Smith, CR08-1249.

You're Mr. Smith, sir?

[Smith]: Yes, I am, sir.

THE COURT: Thank you, sir.

Excuse me.

On March 28th, 2013, I entered a judgment in accord-ance with the mandate of the Nebraska Supreme Court, which vacated and set aside the conviction for attempted second degree murder, and ordered me to have — set a retrial with respect to that charge.

. . . Smith had filed, on January 18th, 2013 — before we take up where we're going with that, on January 13th — 18th, 2013, he filed a motion to dismiss current coun-sel and appoint new counsel. I issued an order after that was filed, saying I couldn't do anything while that case was on appeal, because I didn't have jurisdiction to do anything. So, when I entered judgment last week, or on

March 28th, I did say we'd go ahead and take up first this motion to dismiss.

I have read the motion. I have some questions about it but I want to ask, first, . . . whether you still wish to pursue this motion or if you wish to withdraw it at this time. I don't know, so I just want to make sure.

[Smith]: I wish to pursue it, Your Honor.

Clearly, the hearing on April 8 was only upon Smith's motion to dismiss counsel, and he never objected to the hearing. The district court allowed Smith to make a record as to why he desired his counsel dismissed. Later in the hearing, Smith, not the court, attempted to initiate a dialog about postconviction relief, but the court declined to discuss it. Accordingly, this error has no merit.

### 3. Plain Error

[18] Finally, Smith assigns that plain error permeates the record. An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). Having already rejected all of Smith's claims, we find no plain error.

### VI. CONCLUSION

For the reasons set forth above, we hold that the district court did not err in denying Smith's motion for postconviction relief and denying an evidentiary hearing on the matter.

Affirmed.

Heavican, C.J., and Cassel and Stacy, JJ., not participating.