Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/08/2017 08:11 AM CDT

State of Nebraska, appellee, v.
Michael L. Ross, appellant.
___ N.W.2d ___

Filed June 16, 2017.    No. S-16-131.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo a
   determination that the defendant failed to allege sufficient facts to dem-
   onstrate a violation of his or her constitutional rights or that the record
   and files affirmatively show that the defendant is entitled to no relief.
2. **Postconviction: Appeal and Error.** Whether a claim raised in a post-
   conviction proceeding is procedurally barred is a question of law. When
   reviewing a question of law, an appellate court resolves the question
   independently of the lower court's conclusion.
3. **Postconviction: Constitutional Law.** An evidentiary hearing on a
   motion for postconviction relief must be granted when the motion
   contains factual allegations which, if proved, constitute an infringe-
   ment of the movant's rights under the Nebraska or federal Constitution.
   However, if the motion alleges only conclusions of fact or law, or the
   records and files in the case affirmatively show that the movant is
   entitled to no relief, no evidentiary hearing is required.
4. ____: ____. Postconviction relief is a very narrow category of relief
   available only to remedy prejudicial constitutional violations.
5. **Postconviction: Appeal and Error.** A motion for postconviction relief
   cannot be used to secure review of issues which were or could have
   been litigated on direct appeal.
6. **Postconviction: Effectiveness of Counsel: Appeal and Error.** When a
   defendant is represented both at trial and on direct appeal by the same
   lawyer, the defendant's first opportunity to assert ineffective assistance
   of counsel is in a motion for postconviction relief.
7. ____: ____: ____. To establish a right to postconviction relief based
   on a claim of ineffective assistance of counsel, the defendant has the
   burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104

S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's perform-ance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

8. **Effectiveness of Counsel.** Under the framework of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a court may address the two elements, deficient performance and preju-dice, in either order.

9. ____. Counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in exist-ing law does not constitute deficient performance.

10. **Constitutional Law: Criminal Law: Effectiveness of Counsel.** The Constitution guarantees criminal defendants only a fair trial and a com-petent attorney. It does not ensure that defense counsel will recognize and raise every conceivable constitutional claim.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Affirmed.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

After a jury trial, Michael L. Ross was convicted of three counts, including violation of Neb. Rev. Stat. § 28-1212.04 (Supp. 2009). We affirmed Ross' convictions on direct appeal,[1] and he moved for postconviction relief. The district court denied his motion without conducting an evidentiary hear-ing. In this appeal, Ross contends he should have received an evidentiary hearing on his allegations (1) that § 28-1212.04 is unconstitutional both facially and as applied to him and

---

[1] *State v. Ross*, 283 Neb. 742, 811 N.W.2d 298 (2012).

(2) that his trial and appellate counsel were ineffective for failing to preserve constitutional challenges to § 28-1212.04. We conclude Ross' arguments are without merit, and affirm the denial of postconviction relief.

## FACTS

The facts of the underlying crimes are fully set forth in Ross' direct appeal.[2] As relevant here, Ross argues the district court erred in denying an evidentiary hearing on his motion for postconviction relief. His arguments are premised on the constitutionality of § 28-1212.04, which at the time of his crime prohibited

[a]ny person, within the territorial boundaries of any city, incorporated village, or county containing a city of the metropolitan class or primary class [from] unlawfully, knowingly, and intentionally or recklessly discharg[ing] a firearm, while in or in the proximity of any motor vehicle that such person has just exited, at or in the general direction of any person, dwelling, building, structure, [or] occupied motor vehicle . . . .

Violation of § 28-1212.04 is a Class IC felony.

Ross' trial counsel did not move to quash the information charging a violation of § 28-1212.04 and did not raise any argument that the statute was unconstitutional. After a jury trial, Ross was convicted of violating § 28-1212.04, as well as other felonies. Ross appealed his convictions, asserting that the evidence was insufficient. He was represented on appeal by the same counsel, who did not raise any issue regarding the constitutionality of § 28-1212.04.

After his convictions and sentences were affirmed on appeal, Ross moved for postconviction relief. As relevant to this appeal, Ross alleged that § 28-1212.04 is both facially unconstitutional and unconstitutional as applied to him, based on theories of special legislation and equal protection. Generally,

---

[2] *Id.*

he alleged § 28-1212.04 is special legislation in violation of Neb. Const. art. III, § 18, because it criminalizes behavior in certain geographic areas but not in others. He alleged § 28-1212.04 violates the Equal Protection Clause of the U.S. and Nebraska Constitutions for essentially the same reason, and because the areas of enforcement resulted in the statute's being disproportionately applied against African-Americans and other minorities.

Ross also alleged he received ineffective assistance of trial and appellate counsel because counsel failed to "investigate, allege, research, present, argue, and thereby preserve" the constitutional claims. Ross alleged he was prejudiced by his trial counsel's failure to file a motion to quash because either the district court would have granted the motion based on the unconstitutionality of § 28-1212.04 or the constitutional issues would have been preserved for appeal and the appellate court would have found § 28-1212.04 unconstitutional.

The district court denied postconviction relief without conducting an evidentiary hearing. It found Ross' direct challenges to the constitutionality of § 28-1212.04 were procedurally barred because those challenges could have been raised at trial or on direct appeal. And, relying on *State v. Sanders*,[3] it found Ross' counsel was not ineffective for failing to raise or preserve constitutional challenges to § 28-1212.04. In *Sanders*, we expressly held trial counsel was not ineffective for failing to raise a constitutional challenge to § 28-1212.04, because counsel cannot perform in a deficient manner by failing to raise novel legal arguments or assert changes to existing law. Ross filed this timely appeal.

## ASSIGNMENTS OF ERROR

Ross assigns, restated and consolidated, that the district court erred in (1) denying an evidentiary hearing on his allegation that § 28-1212.04 is facially unconstitutional, in violation

---

[3] *State v. Sanders*, 289 Neb. 335, 855 N.W.2d 350 (2014).

of Neb. Const. art. III, § 18; (2) denying an evidentiary hearing on his allegation that § 28-1212.04 is facially unconstitutional on equal protection grounds because it treats identical geographic areas differently; (3) denying an evidentiary hearing on his allegation that § 28-1212.04 is facially unconstitutional on equal protection grounds because it discriminates against African-Americans; (4) denying an evidentiary hearing on his allegation that the § 28-1212.04 is unconstitutional as applied to him; and (5) denying an evidentiary hearing on his allegation that he received ineffective assistance of trial and appellate counsel when counsel failed to move to quash the amended information.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[4]

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[5] When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.[6]

## ANALYSIS

[3] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show

---

[4] *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015); *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015).

[5] *State v. Harris*, 292 Neb. 186, 871 N.W.2d 762 (2015); *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

[6] *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010).

that the movant is entitled to no relief, no evidentiary hearing is required.[7]

## Constitutional Challenges Are Procedurally Barred

[4,5] In his first four assignments of error, Ross alleges the district court erred in failing to grant an evidentiary hearing on his allegations raising direct constitutional challenges to § 28-1212.04. We conclude the district court properly found these allegations were procedurally barred, because they could have been raised at trial or on direct appeal. Postconviction relief is a very narrow category of relief available only to remedy prejudicial constitutional violations.[8] A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.[9] We therefore affirm the denial of postconviction relief as to the direct constitutional challenges.

## Counsel Was Not Ineffective

[6] Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.[10] Ross' ineffective assistance of counsel claim is properly before us.

[7,8] To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has

---

[7] *State v. Ware*, 292 Neb. 24, 870 N.W.2d 637 (2015); *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015).

[8] *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011).

[9] *State v. Sellers, supra* note 7; *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

[10] *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015); *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013).

the burden, in accordance with *Strickland v. Washington*,[11] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[12] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[13] Under the *Strickland v. Washington* framework, a court may address the two elements, deficient performance and prejudice, in either order.[14]

Ross makes a novel argument in this regard based on *Hall v. State*.[15] In *Hall*, the defendant, after being convicted of second degree murder, attempted to challenge the constitutionality of the Nebraska homicide statutes via declaratory judgment. We held the procedure was improper because declaratory judgment does not lie where another equally serviceable remedy is available. We stated:

> This [constitutional] issue could have been raised by conventional forms of remedy within the criminal prosecution. In a criminal prosecution, a defendant can bring a constitutional challenge to the facial validity of the statute under which he or she is charged by filing a motion to quash or a demurrer. . . . In the event the defendant's counsel fails to make such a challenge, the defendant can allege ineffective assistance of counsel either on direct appeal or in an action for postconviction relief.[16]

Ross argues that this language from *Hall* established a rule that any time counsel fails to file a motion to quash challenging the constitutionality of a statute, a defendant has a valid

---

[11] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[12] *State v. Armendariz, supra* note 10.

[13] *Id.*

[14] *State v. Torres*, 295 Neb. 830, 894 N.W.2d 191 (2017).

[15] *Hall v. State*, 264 Neb. 151, 646 N.W.2d 572 (2002).

[16] *Id*. at 158, 646 N.W.2d at 578.

ineffective assistance of counsel claim in a postconviction action. We disagree. *Hall* simply recognized the proper procedure for raising a constitutional claim within a criminal prosecution—it spoke to the procedure for alleging such claims. It did not, as Ross suggests, presume the validity of such claims. Whenever a claim of ineffective assistance is raised, a court must analyze whether the defendant has sufficiently alleged deficient performance resulting in prejudice.[17]

We focus here on whether Ross has sufficiently alleged that his trial and appellate counsel performed deficiently. Ross' postconviction motion alleged his counsel was deficient for failing to raise a constitutional challenge to § 28-1212.04.

[9] We addressed a nearly identical postconviction claim in *State v. Sanders*.[18] There, we held that trial counsel did not perform in a deficient manner when he failed to raise a constitutional challenge to § 28-1212.04. We reasoned "counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance."[19]

That same rationale applies to this case. Ross was tried in 2010, and his direct appeal was decided in 2012. At that time, no appellate court had been presented with a constitutional challenge to § 28-1212.04. We decided *Sanders* 2 years later. Given our holding in *Sanders* that counsel's failure to raise a novel constitutional challenge to § 28-1212.04 did not constitute deficient performance, we fail to see how Ross' trial counsel could be found deficient for not asserting such a challenge even earlier.

[10] "'The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not [e]nsure that defense counsel will recognize and raise every conceivable

---

[17] See *Strickland v. Washington, supra* note 11.

[18] *State v. Sanders, supra* note 3.

[19] *Id*. at 343, 855 N.W.2d at 357.

constitutional claim.'"[20] Ross' postconviction motion did not contain factual allegations which would constitute deficient performance under *Strickland v. Washington*. No evidentiary hearing was required.[21]

## CONCLUSION

For the foregoing reasons, we find Ross' direct challenges to the constitutionality of § 28-1212.04 are procedurally barred. And we conclude his ineffective assistance of counsel claim does not entitle him to an evidentiary hearing, because the allegations cannot support a finding of deficient performance. We affirm the denial of postconviction relief.

AFFIRMED.

---

[20] *Id.* at 342, 855 N.W.2d at 356, quoting *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

[21] See, *State v. Ware, supra* note 7; *State v. Sellers, supra* note 7.