IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICHARDSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY S. RICHARDSON, APPELLANT.

Filed December 23, 2025.    No. A-25-022.

Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Affirmed.

Brian S. Munnelly for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Pursuant to a plea agreement, Jeffrey S. Richardson entered a no contest plea in the Douglas County District Court to third degree domestic assault. The district court sentenced him to 180 days' imprisonment. On appeal, Richardson asserts the court erred by overruling his motion for disqualification and that his trial counsel was ineffective in various ways. We affirm.

## II. BACKGROUND

On August 2, 2024, the State filed an information in the district court charging Richardson with "Assault DV 3rd Degree 2nd Offense: Bodily Injury," a Class IIIA felony.

On January 3, 2025, pursuant to a plea agreement, the State filed an amended information charging Richardson with "Domestic Assault 3rd Degree: Causing Bodily Injury," a Class I misdemeanor. At a hearing that same day, Richardson entered a plea of no contest to the single count set forth in the amended information, waived a presentence investigation, and requested the

- 1 -

district court proceed to immediate sentencing. The court advised Richardson of the various constitutional rights he would be waiving by entering his plea of no contest, and he expressed understanding.

The State offered the following factual basis to support the plea:

On May 25th, 2024, officers responded to a gas station here in Omaha, Douglas County, Nebraska, for a report of a domestic assault; made contact with the victim, who reported that the defendant, her boyfriend, had assaulted her in the car on the way home from a night out during an argument, causing her bodily injury. Officers were able to observe injuries on her consistent with her account. All events were in Douglas County, Nebraska.

Prior to sentencing, the district court allowed all parties to make statements on the record. Richardson's trial counsel stated Richardson's plea showed he had "accept[ed] responsibility for his actions" and urged the court to adopt a sentence of 126 days to run concurrently to sentences imposed on an unrelated docket. According to trial counsel, this would allow Richardson to "post an appeal bond" and "take care of his mother" "whose health [was] failing."

Richardson exercised his right to allocution and informed the district court that he "want[ed] to take responsibility." However, he expressed his "disagree[ment] with the factual basis" provided by the State, stating he "acted in self-defense." Richardson also explained that he had been a "model inmate" during his incarceration on the other docket, "had no disciplinary actions" or "write-ups," and had begun "mentor[ing] some of the younger inmates."

The State submitted a letter authored by the victim in the case.

Before pronouncing sentence, the district court stated on the record that it had "considered the factors set forth in" Neb. Rev. Stat. § 29-2260 (Cum. Supp. 2024) and Richardson's "age; mentality; education and experience; social and cultural background; past criminal record and record of law abiding conduct; the motivation for the offense; the nature of the offense; and the amount, if any, of violence involved in the commission of the offense." The court also indicated it had reviewed a deposition of the victim and "could tell through the questioning of" Richardson's trial counsel "that there was definitely a self-defense aspect" to the case. Although the victim requested the maximum sentence for Richardson, the court sentenced him to 180 days' imprisonment to run concurrently to sentences imposed on the other docket. The court also credited Richardson with 71 days served.

Richardson appeals.

### III. ASSIGNMENTS OF ERROR

Richardson assigns that the district court erred by overruling his motion for disqualification. Richardson also assigns that his trial counsel was ineffective for failing to (1) raise constitutional objections to a local district court rule, (2) properly investigate the case prior to his plea, and (3) advise him and the court about credit for time served prior to sentencing.

### IV. STANDARD OF REVIEW

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed

on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. MOTION FOR DISQUALIFICATION

Richardson first claims the district court erred by overruling his motion for disqualification. He argues the court "abused its discretion" by making "several arbitrary and capricious decisions." Brief for appellant at 17.

At the outset, we observe that our record does not contain Richardson's motion for disqualification or any order from the district court disposing of the motion. At a hearing on a motion to withdraw as counsel held on October 25, 2024, Richardson's trial counsel briefly mentioned on the record a "pro se" "motion to recuse." The court concluded the hearing by stating: "Mr. Richardson, if you talk with [trial counsel and] you want to file a motion to recuse or any other motions, he can do that for you; and we'll get them scheduled." We are unable to find any other reference to the motion to recuse in the record before us on appeal.

It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id.* Richardson has failed to provide a record adequate for appellate review.

Even if we were to overlook the deficient record, Richardson has failed to sufficiently argue this assignment of error in his brief. It has long been held that to be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. *Id.* Moreover, in both the criminal and postconviction context, an appellate court will not ordinarily scour the record in search of facts that might support the appellant's claim. *Id.*

In his brief, Richardson argues that the district court "abused its discretion" by making "several arbitrary and capricious decisions." Brief for appellant at 17. He goes on to assert the "judge had an obligation to recuse himself." *Id.* However, Richardson does not elaborate on these conclusory allegations, nor does he explain what the court's decisions were and why they were arbitrary and capricious. We therefore decline to address this assigned error further.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Richardson's remaining assignments of error allege his trial counsel was ineffective in various ways.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha, supra*. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.* Richardson has different counsel on direct appeal than he did in the district court. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). When a claim of ineffective assistance of trial counsel is raised on direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman, supra*. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

(a) Failure to Raise Constitutional Challenge

Richardson first argues that his trial counsel was ineffective for failing to raise constitutional objections to Rules of Dist. Ct. of Fourth Jud. Dist. 4-12 (rev. 2022) (assignment of cases). He specifically takes issue with subdivision E, which requires "any new felony charge filed against a defendant whose probation is sought to be revoked shall be assigned to the judge by whom the probation-revocation proceeding will be heard." Richardson asserts that Rule 4-12(E) raises "due process concerns" by allowing the State to "manipulate the case assignment system" and incentivize "'judge shopping.'" Brief for appellant at 19. According to Richardson, the application of Rule 4-12(E) in his case is particularly pernicious because he "has clearly shown that the judge in this case had a personal bias against him." Brief for appellant at 19.

The State submits that Richardson's assignment of error lacks the specificity required by *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), and its progeny because it "fails to assert what objection or on what grounds such objection was supposed to be raised." Brief for appellee at 12.

Even if we assume that Richardson properly assigned this error with the specificity required under Nebraska law, his argument fails. As the State also points out in its brief, it is well-settled

that counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring about a change in existing law does not constitute deficient performance. See *State v. Ross*, 296 Neb. 923, 899 N.W.2d 209 (2017).

### (b) Failure to Investigate

Richardson next asserts his trial counsel was deficient for "fail[ing] to properly investigate the case prior to the plea." Brief for appellant at 7. We agree with the State that this assignment of error is insufficiently specific.

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Turner*, 315 Neb. 661, 998 N.W.2d 783 (2024). Richardson's assignment of error is insufficiently specific since it does not identify what trial counsel failed to investigate. See *State v. Wood*, 310 Neb. 391, 436, 966 N.W.2d 825, 858 (2021) (refused to address assignment of error that counsel was ineffective for "Failing to Investigate the Case Fully" since it lacked specificity as to what component of investigation counsel was allegedly deficient in failing to conduct).

We do acknowledge, however, that in the argument section of Richardson's brief under a heading that corresponds to his failure to investigate claim, he writes:

> [T]rial counsel was ineffective in failing to investigate his self defense claim. Richardson contents [sic] that the record demonstrates that he had a viable self defense claim and that due to trial counsel's failure to investigate and advice [sic] Richardson properly, he was unable to make an informed decision regarding the resolution of the case.

Brief for appellant at 21. While this short paragraph does provide some specificity, it does not provide any coherent argument beyond conclusory statements. As mentioned previously, it has long been held that to be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. *Id.* In his brief, Richardson does not explain why the privilege of self-defense may have applied to him, nor how any such evidence would have caused him to insist on going to trial rather than pleading no contest. Accordingly, this claim of ineffective assistance of trial counsel fails.

We note that Richardson, in the same section of his brief concerning the failure to investigate claim, also asserts trial counsel was deficient for "failing to consult with" him "generally beforehand about the plea" which "prejudiced his ability to make an informed decision about his defense." Brief for appellant at 20. He also avers trial counsel "failed to raise numerous issues that" he "asked him to raise." *Id.* To the extent that he raises arguments unrelated to the assignment of error concerning trial counsel's alleged failure to investigate, we decline to address them. To be considered by an appellate court, a party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. *State v. Garcia, supra*. Richardson did not assign these errors, and we therefore will not consider them.

### (c) Failure to Advise of Credit for Time Served

In his last ineffective assistance of trial counsel claim, Richardson asserts counsel was deficient by "fail[ing] to properly advise and consult with" him "and advise the [district] court concerning credit for time served under" Neb. Rev. Stat. § 47-503 (Reissue 2021). Brief for appellant at 7. He goes on to assert that trial counsel "incorrectly calculated the good time" that he "was entitled to" under Nebraska law. *Id.* at 23.

Assuming that trial counsel was deficient in miscalculating Richardson's credit for time served, the issue is now moot. Richardson was sentenced to 180 days' imprisonment to run concurrently with sentences imposed on another docket. The district court credited him with 71 days served. Therefore, as of the date of sentencing on January 3, 2025, Richardson had 109 days' imprisonment remaining. He would have concluded his sentence in this case on April 22, 2025.

While not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *State v. Campbell*, 24 Neb. App. 861, 900 N.W.2d 556 (2017). A case becomes moot when the issues initially presented in the litigation cease to exist, when the litigants lack a legally cognizable interest in the outcome of the litigation, or when the litigant seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.* Because Richardson has already served the sentence he is challenging, his claim that trial counsel was ineffective does not rest upon existing facts and is moot.

We do acknowledge, however, that the Nebraska Supreme Court has held that an appeal from a criminal conviction is not moot, even though a sentence for a criminal conviction has been fully served, when the defendant is subjected to "collateral consequences" resulting from the criminal conviction. *State v. Patterson*, 237 Neb. 198, 204, 465 N.W.2d 743, 748 (1991). We do not find that any exception to the mootness doctrine is applicable in the present case.

## VI. CONCLUSION

For the foregoing reasons, we affirm Richardson's conviction.

AFFIRMED.